BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
ALEX J. TRAMONTANO (276666)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
tramontano@whafh.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER PURCELL-JONES, Derivatively on Behalf of Nominal Defendant IRHYTHM TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUENTIN BLACKFORD, BRUCE BOBZIEN, DOUGLAS J. DEVINE, MARK DAY, CHAD PATTERSON, MINANG TURAKHIA, BRUCE G. BODAKEN, KAREN LING, CATHLEEN NOEL BAIREY MERZ, MARK J. RUBASH, RALPH SNYDERMAN, ABHIJIT Y. TALWALKAR, RENEE BUDIG, KEVIN M. KING, BRIAN YOOR, MOJDEH POUL, and RAYMOND W. SCOTT, <br><br> Defendants, <br><br> and <br><br> IRHYTHM TECHNOLOGIES, INC., <br><br> Nominal Defendant. | Case No. 3:24-cv-07560-JSC <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION** |

Plaintiff Jennifer Purcell-Jones, derivatively on Behalf of iRhythm Technologies, Inc. ("Plaintiff"), and Defendants iRhythm Technologies, Inc. ("iRhythm"), Quentin Blackford, Bruce Bobzien, Douglas J. Devine, Mark Day, Chad Patterson, Minang Turakhia, Bruce G. Bodaken, Karen Ling, Cathleen Noel Bairey Merz, Mark J. Rubash, Ralph Snyderman, Abhijit Y. Talwalkar, Renee Budig, Kevin M. King, Brian Yoor, Mojdeh Poul, and Raymond W. Scott ("Defendants" and, collectively with Plaintiff, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, a class action alleging violations of the federal securities laws, *Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc., et al.*, Case No. 3:24-cv-00706-JSC (N.D. Cal.) (the "Securities Class Action"), was filed on February 6, 2024 is currently pending in this Court;

WHEREAS, Plaintiff filed the above-captioned verified shareholder derivative action on behalf of nominal defendant iRhythm (the "Derivative Action") in this Court on October 31, 2024;

WHEREAS, there is substantial overlap between the facts and events alleged in the Securities Class Action and the Derivative Action, including the relevance of many of the same documents and witnesses, and several of the Defendants in this action are also named as defendants in the Securities Class Action;

WHEREAS, the Court entered an Order on January 9, 2025 administratively relating the Derivative Action and the Securities Class Action (Securities Class Action Dkt. No. 64); and

WHEREAS, the Parties have agreed that the Derivative Action should be stayed on the terms set forth below until the entry of a judgment terminating the Securities Class Action, and the exhaustion of any and all appeals therefrom, subject to the Parties' ability to move to lift the stay as set forth below in order to promote judicial economy, as well as conserve the resources of the Parties.

THEREFORE, the Parties, through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The undersigned counsel for Defendants agrees to accept service on behalf of any Defendant that has not already been served. Such acceptance of service is not, and no part of this stipulation shall be construed as, a waiver of any rights, claims, arguments or defenses of any kind (except as to the adequacy of service), including, without limitation, any argument that this action was

brought in the incorrect forum.

2. The Derivative Action shall be stayed until the entry of a judgment terminating the Securities Class Action, and the exhaustion of any and all appeals therefrom.

3. In the event discovery in the Securities Class Action proceeds, Defendants shall provide Plaintiff with copies of any documents produced or written discovery responses served in the Securities Class Action in the same form and manner as they are produced in the Securities Class Action subject to an appropriate confidentiality agreement that permits Plaintiff's use of such discovery in the Derivative Action.

4. Defendants shall promptly produce to Plaintiff: (a) any documents produced by Defendants in any shareholder derivative action brought on behalf of iRhythm that arises from the same operative facts, or alleges claims on behalf of the Company that are substantially similar to those alleged in the Derivative Action ("Related Derivative Action"); (b) any litigation demand or demand for inspection under 8 *Del C.* § 220 ("Related Derivative Matter") that arises from the same operative facts, or alleges claims on behalf of the Company that are substantially similar to those alleged in the Derivative Action ("Related Derive Matter"); and (c) any documents produced in connection with any mediation or settlement discussions in the Securities Class Action or in any Related Derivative Action or any Related Derivative Matter, subject to an appropriate confidentiality agreement.

5. Defendants shall provide Plaintiff with reasonable advance notice of any mediation of the Securities Class Action, and agree that they will not oppose Plaintiff's participation in any such mediation. If Plaintiff is not permitted to participate in such mediation, Defendants agree to mediation in the Derivative Action as soon thereafter as is practicable. Defendants further agree to they shall notify Plaintiff of any mediation and/or settlement discussions in any Related Derivative Action or in any Related Derivative Matter, and to invite Plaintiff to participate in any such mediation and/or settlement discussions.

6. The Parties agree that notwithstanding this stay of this Derivative Action, Plaintiff may file an amended and/or consolidated complaint; however, Defendants shall not be required to answer or otherwise respond to any complaint that is filed in or consolidated with the Derivative Action during the pendency of this stay.

7. The Parties shall, within thirty (30) days of the expiration, or lifting, of the stay, submit a proposed schedule for further proceedings to the Court.

8. This Joint Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Derivative Action.

**IT IS SO STIPULATED.**

DATED: January 24, 2025

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Alex J. Tramontano*
ALEX J. TRAMONTANO

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
ALEX J. TRAMONTANO (276666)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
tramontano@whafh.com

*Local Counsel for Plaintiff*

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Timothy J. MacFall
Samir Aougab
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: sa@rl-legal.com

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 267-507-6085
Email: jgrabar@grabarlaw.com

*Counsel for Plaintiff*

| | |
|---|---|
| DATED: January 24, 2025 | **QUINN EMANUAL URQUHART & SULLIVAN, LLP** |
| | By: */s/ Kristin Tahler*_____ |
| | KRISTIN TAHLER, Bar No. 261808 |
| | 865 South Figueroa Street, 10th Floor |
| | Los Angeles, California 90017 |
| | Telephone: (213) 443-3153 |
| | Facsimile: (213) 443-3100 |
| | kristintahler@quinnemanual.com |
| | *Counsel for Defendants* |

### ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)(3)

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

DATED: January 24, 2025      */s/ Alex J. Tramontano*_____
                              ALEX J. TRAMONTANO

\*   \*   \*

### [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____              _____
                                  HON. JACQUELINE SCOTT CORLEY
                                  UNITED STATES DISTRICT JUDGE